IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT WALDRUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-0195-MJR-PMF |
| ) | |
| THE CITY OF ALTON, and ) | |
| JASON SIMMONS, in his Individual and ) | |
| Official Capacity, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Scott Waldrup filed a "Complaint for Writ of Mandamus, Temporary Restraining Order, and Preliminary Injunction" on February 20, 2015, in Madison County, Illinois (15-CH-105) (Doc. 2 at 4-11). A Temporary Restraining Order ("TRO") was granted *ex parte* that same day, with a second hearing set for February 25, 2015, before the Honorable Barbara Crowder in Madison County Circuit Court (*Id.* at 2-3). On February 23, 2015, two days prior to the hearing, Defendants removed the action to this District, where it was randomly assigned to the undersigned District Judge. The state court hearing was cancelled. Based solely on the language within Defendants' filing, the Court set the case for trial in April 2016 (Doc. 8).

On the same day the Court set the case for trial, Plaintiff moved to remand the case to state court, claiming a lack of federal jurisdiction (Doc. 9). Given the issues presented to the Court, an expedited briefing schedule was set, and Defendants responded to Plaintiff's motion on March 4, 2015 (Doc. 12). While the issue currently before the Court is largely procedural, some facts are necessary in order to understand the context of the Plaintiff's motion.

Plaintiff Waldrup is the Captain of the Alton Police Department (Doc. 2 at 4). Jason Simmons is the Chief of Police for Alton (*Id.*). According to Plaintiff's complaint and Defendants' response to Plaintiff's motion, on December 19, 2014, Chief Simmons served the Plaintiff with charges related to the Plaintiff's alleged actions and omissions stemming from the improper destruction of evidence from an evidence locker (*Id.*; Doc. 12 at 2). Plaintiff was charged with failure to properly supervise, failure to notify his superiors, and damaging the police department's image and reputation (Doc. 12 at 2-3). Pursuant to Alton Civil Service Rules, the Plaintiff was suspended with pay (Doc. 2 at 4).

The record is disputed as to precisely what happened over the following two months, but on February 19, 2015, the Plaintiff's suspension was converted to a suspension without pay (Doc. 2 at 4; Doc. 12 at 3). This change lead to Plaintiff's filing in state court. The Plaintiff contends that the Civil Service Commission failed to hold a hearing within the time allotted under the Civil Service Rules, that Chief Simmons lacked the authority to change his suspension from with pay to without, and that City will be unable to demonstrate a "good cause for discharge" (Doc 2 at 5-6). Finally, and most importantly to the issues before the Court today, the initial complaint states:

> Captain Waldrup possesses a protectable right, *pursuant to 42 USC §1983*, the Illinois Civil Service Act, and the Alton Civil Service Rules, to due process prior to loss of his job and loss of his income.

(Doc. 2 at 6)(emphasis added). The Defendants note that because "Plaintiff alleges that the [Plaintiff] has a protectable right pursuant to 42 USC § 1983," the "Complaint involves a federal question" (*Id.* at 1-2). It is this language, <u>and only this language</u>, which is the basis of Defendants' removal. It is worth noting that the complaint makes no claims against any Defendant, but instead requests that the Court enter a temporary restraining order either returning the Plaintiff to operational status or resume his suspension with pay (followed by a preliminary injunction until the

Plaintiff's hearing before the Alton Civil Service Commission), and to enjoin the Defendants from taking further "retaliatory" action against the Plaintiff (Doc. 2 at 10).

Federal courts are courts of limited jurisdiction. ***Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009)(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Newell Operating Co. v. Int'l Union of United Auto., Aerospace & Agric. Implement Workers*, 532 F.3d 583, 587 (7th Cir.2008)).** Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." **28 U.S.C. § 1331**. Questions as to "whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint'." ***Merrell Down Pharmaceutical Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). See also *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013) ("It is well established that such a federal question must be apparent on the face of the plaintiff's well-pleaded complaint.").**

A Court must at all times be vigilant to determine whether jurisdiction exists. Defendants appear to believe that the mere invocation of § 1983 by the Plaintiff is enough to create federal jurisdiction. This is simply not the case:

> The first question in every case is whether the court has jurisdiction. It not enough to utter the word "Constitution" and then present a claim that rests on state law. If it were, every claim that a state employee committed a tort, or broke a contract, could be litigated in federal court. It is therefore essential that the federal claim have some substance—that it be more than a pretext to evade the rule that citizens of a single state must litigate their state-law disputes in state court.

***Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010).** While *Avila* involves a plaintiff's attempt to push a state claim into federal court, the outcome is the same: "A veneer of constitutional phraseology on top of a state tort claim cannot justify its adjudication in federal court." ***Id.* at 555.**

Moreover, § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." **Albright v. Oliver, 510 U.S. 266, 270 (1994) (plurality opinion) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979) (internal quotations marks remove).** A plaintiff seeking the jurisdiction of the federal courts would need to identify the specific infringed upon constitutional right as the basis for their § 1983 claim. **See, e.g., Fields v. Wharrie, 740 F.3d 1107, 1122 (7th Cir. 2014) (citing Albright, 510 U.S. at 270).**

This has not occurred here. To the extent that the Plaintiff points to federal law and constitutional rights in his complaint, they are not the basis for the matters in dispute, which at its core involves an interpretation of Alton City Rules. Plaintiff's chosen verbiage does not immediately confer federal jurisdiction, and nothing in the record suggests otherwise. The Court lacks subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." **28 U.S.C. § 1447(c)**.

Having come to that conclusion, much of the argument presented by the parties can be ignored as moot. However, two issues remain. Plaintiff, pointing to § 1447(c) note that the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." **Id.** While Defendants concede that there is a statutory basis for awarding fees, they correctly note that a remand does not necessarily result in an award, as demonstrated by Congress' decision to use the word "may" rather than "shall" when referring to the awarding of fees. **Id.; Martin v. Franklin Capital Corp., 546 U.S. 132, 136-37 (2005).** **Martin** provides a basic rubric for determining whether fees should be awarded on remand, noting that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." **Id. at 141.** The Seventh Circuit has added that "if, at the time the defendant filed his notice in federal court, a clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his

attorney's fees." ***Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir.2007)**. That is not the case here. While the Court has ultimately found that remand is appropriate, that does not mean they lacked an "objectively reasonable basis for seeking removal" when the language of the Plaintiff's complaint did cite to federal law, if only tangentially. The Court declines to award fees or costs.

Finally, Defendants ask that, should the Court find that federal jurisdiction does not exist and opt to remand, "that the remand order include a finding that there is no basis for 42 USC §1983 liability against any of the defendants" (Doc. 12 at 6). The Court's decision to remand is based upon its <u>lack</u> of subject matter jurisdiction. While § 1447(c) provides the Court with the ability to maintain limited jurisdiction for the purpose of ordering attorney's fees and costs, it does not provide the means for the Court to maintain its jurisdiction for other reasons. The Defendants appear to suggest (without citing to any case law) that after deciding to remand due to a lack of jurisdiction, that the Court maintain jurisdiction <u>just long enough</u> to completely close the door on any present or future federal claims which the Plaintiff might, in the Defendants' words, "magically remember" (Doc. 12 at 6). The Court declines the Defendants' invitation.

Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to remand (Doc. 9), **granting** insofar as it requests a remand to state court, and **denies** in all other aspects. It is **ORDERED** that this action, pursuant to 28 U.S.C. § 1447(c), be **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. No fees or costs are awarded. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court, and thereafter **CLOSE** this case. All pending deadlines and hearings, including the March 11, 2016, Final Pretrial Conference and the April 2016 Bench Trial are **CANCELLED**.

**IT IS SO ORDERED.**
**DATED:** <u>March 13, 2015</u>

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
United States District Judge